UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KALEB LEE BASEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:23-095-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

Plaintiff Kaleb Lee Basey is a federal prisoner who is currently confined at the Federal

Medical Center ("FMC")-Lexington located in Lexington, Kentucky.  Proceeding without an

attorney, Basey has filed a Complaint pursuant to 28 U.S.C. § 1331 against Defendants the

United States of America, United States District Judge Ralph R. Beistline (District of Alaska),

United States Circuit Judge Richard Paez (United States Court of Appeals for the Ninth Circuit),

United States Circuit Judge Andrew D. Hurwitz (United States Court of Appeals for the Ninth

Circuit), and Clerk of Court for the United States Court of Appeals for the Ninth Circuit Molly

Dwyer.  [R. 1.][1]  Each of the individual Defendants are sued in their respective official capacities

only.  *Id*.

Shortly after filing his original Complaint, Basey filed a "Motion to Compel Issued

Summonses."  [R. 4.]  In his Motion to Compel, Basey states that his fiancée presented

completed summons for service upon the Defendants to the Clerk of the Court and requested that

---

[1] Basey's original complaint is not filed on the form approved for use by this Court (in violation of Local Rule 5.3) and brings twenty separate Claims for Relief over the course of 118 pages with 472 numbered paragraphs, including 315 footnotes.  [R. 1.]

summons be issued, but that the Clerk refused, even after Basey's fiancée read Federal Rule of Civil Procedure Rule 4(b) to the Clerk. *Id.* However, after filing his Motion to Compel, Basey filed a "First Amended Complaint for Equitable and Declaratory Relief." [R. 5.] Although Basey has not filed a formal motion seeking leave to file an amended complaint, his submission will be construed as a Motion for Leave to File an Amended Complaint.

The Federal Rules of Civil Procedure provide that a plaintiff is entitled to amend his pleading once as a matter of right if done within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(B); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). Because the Defendants have not yet been served with process, Basey is entitled to amend his Complaint as a matter of right. Thus, his construed Motion for Leave to File an Amended Complaint will be granted. Because "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), Basey's Amended Complaint supersedes (or replaces) his original Complaint and is now the operative pleading in this action. In addition, his Motion to Compel that summons submitted with his original Complaint be issued will be denied as moot.

Because Basey is a prisoner seeking redress from officers and/or employees of a governmental entity, the Court must conduct a preliminary review of his Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Basey's Amended Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts

2

the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Moderwell v. Cuyahoga Co., Ohio*, 997 F.3d 653, 659 (6th Cir. 2021) (quotations omitted).

# I

## A

To understand the context of Basey's claims, an overview of his criminal case is required.[2] In December 2014, a federal grand jury in the United States District Court for the District of Alaska issued an Indictment charging Basey with three counts of Attempted Coercion and Enticement of a Minor in violation of 18 U.S.C. §2422(b) (Counts 1, 2, and 3) and one count of Sexual Exploitation of Children – Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count 4). *See United States v. Basey*, No. 4: 14-CR-28-RRB-1 (D. Ak. 2014) at [R. 2 (Indictment).] In March 2016, a Superseding Indictment was issued, charging Basey with three counts of Attempted Coercion and Enticement of a Minor in violation of 18 U.S.C. §2422(b) (Counts 1s, 2s, and 3s), one count of Sexual Exploitation of Children – Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count 4s), one count of Sexual Exploitation of a Child – Transportation of Child Pornography in violation of 18 U.S.C §§ 2252(a)(2) and (b)(1) (Count 5s), and one count of Sexual Exploitation of a Child – Distribution of Child Pornography in violation of 18 U.S.C §§ 2252(a)(2) and (b)(1) (Count 6s). [*Id*. at R. 101.]

---

[2] A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

Basey's criminal trial began on December 11, 2017.  Prior to the empanelment of the jury, the Government's oral motion to dismiss Counts 1s through 4s was granted and Counts 5s and 6s became Counts 1 and 2, respectively.  [*Id*. at R. 209 (Minute Entry), as amended at R. 253 (Amended Minute Entry).]  On December 12, 2017, a jury found Basey guilty of Transportation and Distribution of child pornography (which were now Counts 1 and 2).  [*Id*. at R. 214 (Verdict 1), 214-1 (Verdict 2).]  In May 2018, Basey was sentenced to a total term of imprisonment of 180 months on both counts.  [*Id*. at R. 250 (Minute Entry); 257 (Judgment).]  Basey's conviction was affirmed on appeal to the United States Court of Appeals for the Ninth Circuit.  *United States v. Basey*, 784 Fed. App'x 497 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 616 (2019).

**B**

In October 2019, Basey filed a Motion for Return of Seized Property pursuant to Fed. R. Crim. P. 41(g) (Basey's "First Rule 41(g) Motion"), in which he claimed that Basey's military barracks room was illegally searched on January 18, 2014 and various items were seized, including Basey's computer and phone, which were then subjected to a digital forensic examination, all of which led to the issuance of a warrant and Basey's federal charges.  *See United States v. Basey*, No. 4: 14-CR-28-RRB-1 (D. Ak. 2014) at [R. 278 (Motion).]  According to Basey, the Government ultimately dismissed all counts relating to these devices and did not demand forfeiture of the devices.  *Id*.  Thus, Basey requested that the Government be ordered to return his property to his designee, minus any alleged contraband which the Government must remove.  *Id*.

The Government filed a response objecting to Basey's First Rule 41(g) Motion on the grounds that, at that time, the United States had a legitimate need to retain Basey's seized property pending resolution of Basey's then-pending petition for writ of certiorari.  [*Id*. at R. 281

4

(Response).]  Specifically, the Government noted that Basey's then-pending appeal challenged the Government's acquisition of emails retained by a third party, thus "[a]ny action in the defendant's favor on this issue could result in a new trial, at which point the United States would be forced to reassess the evidence in its possession and its ability to continue to prosecute this case," and [t]he digital evidence that the defendant seeks returned would be an essential component of this review."  *Id*. at 10.  However, the Government further stated that it did not object to an order tolling the statute of limitations for the filing of a motion for the return of property pending resolution of Basey's appeal and, while retention may still be warranted to the extent that the devices are contraband or because it would be impractical to segregate contraband that is intermingled with non-contraband, the Government would provide materials that could be returned at the conclusion of the case to Basey or his representative.  *Id*. at 12-13.

On November 25, 2019, the Court denied Basey's First Rule 41(g) Motion.  [*Id*. at R. 282 (Order).]  On December 11, 2019, the United States Supreme Court denied Basey's petition for a writ of certiorari.  [*Id*. at R. 285 (USSC Notice).]

On December 20, 2019, Basey filed a "Motion for Reconsideration" of the Court's Order denying his First Rule 41(g) Motion, [*Id*. at R. 286 (Motion)], which was denied on January 14, 2020.  [*Id*. at R. 290 (Order).]  Basey then appealed the Court's denial of his First Rule 41(g) Motion to the Ninth Circuit Court of Appeals.  [*Id*. at 291 (Notice of Appeal).]

In the meantime, Basey filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in the Alaska District Court.  [*Id*. at R. 294 (Motion).]  Among other grounds for relief, Basey claimed that his counsel was ineffective because he "refused" to file a motion to suppress "challenging the 9-month warrantless seizure of my emails, the Yahoo email warrant's overbreadth, and the overbroad execution of the search warrant," as well as

challenging "the warrant and emails as being 'poisoned fruit' of prior police illegalities." *Id*. at 4.

On February 17, 2021, the Ninth Circuit Court of Appeals affirmed the District Court's Order denying Basey's Motion for Reconsideration of its denial of his First 41(g) Motion. [*Id*. at R. 352 (Memorandum).] Subsequently, the District Court denied Basey's § 2255 Motion. [*Id*. at R. 357 (Order), as amended by R. 363 (Amended Order).] In its Order, the Court thoroughly considered and rejected Basey's argument that he would have been successful on a formal motion to suppress his emails. [*Id*. at R. 363 at 4-14.] The District Court further declined to grant Basey a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c) because Basey failed to make a substantial showing of the denial of a constitutional right and reasonable jurists could not find otherwise. *Id*. at 14. Judgment was entered dismissing Basey's § 2255 Motion on April 14, 2021. [R. 364 (Judgment).]

Basey then filed a Motion to Reconsider the Court's dismissal of his § 2255 Motion [*Id*. at R. 365 (Motion)], which was denied on July 1, 2021. [*Id*. at R. 381 (Order).] In its Order denying Basey's Motion to Reconsider, the Court again denied Basey's request for a COA and advised him that he may seek a COA directly from the Ninth Circuit. *Id*. at 5. Basey then filed a Notice of Appeal to the Ninth Circuit, *id*. at 384, and filed a Motion for Certificate of Appealability. *See United States v. Basey*, No. 21-35554 (previously 21-30158) (9th Cir. 2021) at R. 3 (Motion). On January 18, 2022, the Ninth Circuit denied Basey's Motion for a Certificate of Appealability "because appellant has not shown that 'jurists of reason would find it debatable whether [the section 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" [*Id*. at R. 7 (Jan 18, 2022 Order).] The Ninth Circuit's Order was issued by

6

Judges Paez and Hurwitz, both of whom Basey has named as Defendants in his current action pending before this Court. *Id*. Basey filed a Motion for Reconsideration, [*Id*. at R. 8 (Motion)], which was denied. [*Id*. at R. 9 (Jan 31, 2022 Order).] Basey also filed a petition for a writ of certiorari with the United States Supreme Court [*Id*. at R. 10 (Letter)], which was denied. [*Id*. at R. 11 (Letter).]

In the meantime, on May 3, 2021, Basey filed a Second Motion for Return of Seized Property (Basey's "Second Rule 41(g) Motion"), in which he again sought the return of his seized electronic and personal property (less any contraband). *United States v. Basey*, No. 4: 14-CR-28-RRB-1 (D. Ak. 2014); [R. 369 (Motion).] In his Second Motion, Basey continued to argue that the property had been obtained as the result of an illegal search and seizure. *Id*. In response, the Government filed a "Non-Opposition to Motion for Return of Seized Property," in which it did not concede Basey's factual and legal claims in his Second Motion related to his claims of an illegal search and seizure, but agreed to return the requested property (absent any deleted contraband) to an individual authorized by Basey to receive his property. [*Id*. at R. 387 (Response).] On August 5, 2021, the District Court entered an Order granting Basey's Motion consistent with the Government's Non-Opposition and according to the terms set forth by the Government. [*Id*. at R. 388.]

On August 10, 2021, Basey filed a "Motion to Hear Government's Rule 12(b) Defenses." [*Id*. at R. 389 (Motion)] in which he claimed that the Government's Response was actually a "motion to dismiss (styled as 'non-opposition')," *id*. at 2, and demanded a hearing pursuant to Fed. R. Civ. P. 12(i) on the Government's "defenses" of mootness and issue preclusion. On August 11, 2021, the District Court entered an Order denying Basey's motion, noting that, while

7

Basey's motion was "puzzling," it was, nevertheless, moot, as Basey had prevailed on his motion for return of property.  [*Id*. at R. 390 (Order).]

On August 16, 2021, Basey filed a "Verified Notice of Amended Complaint/Rule 41(g) Motion," [*Id*. at R. 391 (Verified Notice)] and an "Amended (Fed. R. Crim. P. 41(g)) Second Motion for Return of Seized Property," [*Id*. at R. 392 (Amended Second Motion)], in which he again sought the return of his property and continued to argue that it had been obtained during an illegal search and seizure.  On August 18, 2021, the District Court entered a "Third Order Regarding Return of Property," [*Id*. at R. 394 (Third Order)], denying Basey's "Amended Second Motion" filed on August 16.  In its Third Order, the District Court explained:

> Federal Rule of Criminal Procedure 41(g) reads, in part, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Defendant attempts to relitigate the legitimacy of the original search and seizure of his property, because he is focused on the "unlawful search and seizure" aspect of Rule 41(g).  But the government has agreed to return the property under the "deprivation" clause of the rule, without admitting that the search and seizure were unlawful.  While this may prove unsatisfying to Defendant, the end result—the return of his property—is the same.

> Defendant's case-in-chief is over.  He was convicted by a jury.  The time to argue the legitimacy of warrants and affidavits has long passed.  A Rule 41(g) motion for return of property is not a vehicle to right every perceived wrong, and the government has agreed to return the property.  But Defendant also takes issue with the Government's "promise" to return his property, arguing that this Court should order the return of his property, less any contraband.   This is exactly what the Court did at Docket 388, as discussed more in depth at Docket 390.  However, Defendant first must provide the name of the individual he authorizes to receive the property.

> Defendant states that he "wants to fight this case and will not provide the information of who he wants the property sent to at this time."  The ball is, as they say, in Defendant's court.  Until Defendant provides the government with the name of his approved recipient, there is no action the government can take regarding the return of property.  Defendant also suggests that despite the Government's "promise" to return his property, nothing prevents the government from retaining or reseizing his property.

*Id*. at 2-3.

While the District Court denied Basey's Motion, "in the spirit of accountability," it further ordered Basey to provide the Government's counsel with the name of the individual authorized to take possession of Basey's returned property, directed counsel to then facilitate the return of the property to that individual within 60 days thereafter, and directed the Government to file a status report with the Court within 14 days after the return of the property or by November 15, 2021, whichever is earlier. *Id*. at 4.

Dissatisfied with this outcome, on August 23, 2021, Basey filed a "Motion for Reconsideration" of the Court's Order denying his "Motion to Hear Government's Rule 12(b) Defenses," in which he argued that the District Court's Order included "manifest errors of law." [*Id*. at R. 395 (Motion).] Also on August 23, 2021, Basey filed a "Request for Entry of Judgment," requesting that the District Court "set forth its judgment regarding Basey's Second Motion for Return of Seized Property…in a separate document in accordance with Fed. R. Civ. P. 58(a)." [*Id*. at R. 396 (Motion).] On August 30, 2021, the District Court denied both Motions without prejudice and stated that it would take no further action until the action items set forth in its August 18, 2021 Order had been accomplished. [*Id*. at R. 397 (RRB Text Order).]

On September 3, 2021, Basey filed a "Verified Notice of Rejection of Government's Settlement Offer." [*Id*. at R. 398 (Verified Notice).] In this "Notice," Basey construed a letter from the Government regarding the terms of the return of his property as a "settlement offer," which he rejected because he wished to litigate the matter. *Id*. On November 15, 2021, the Government filed a Status Report stating that it remained prepared to return Basey's property with the contraband removed, but Basey has not provided the name of any individual authorized to take possession of the property. [*Id*. at R. 402 (Status Report).]

In the meantime, on September 13, 2021, Basey filed a Notice of Appeal [*Id*. at R. 399], appealing the Court's Orders denying Basey's Motion to Reconsider the Court's dismissal of his § 2255 Motion [R. 381], granting his Second Rule 41(g) Motion [R. 388], denying his "Motion to Hear Government's Rule 12(b) Defenses" [R. 390] and his Motion for Reconsideration [R. 397], and the Court's "Third Order Regarding Return of Property." [R. 394]  On July 21, 2022, the Ninth Circuit issued a Memorandum affirming the District Court.  *See United States v. Basey*, No. 21-30196 (9th Cir. Jul 21, 2022 Memorandum).   In its Memorandum, the Ninth Circuit specifically rejected Basey's claims that the District Court's Order was a "coerced settlement," and further explained that "[c]ontrary to Basey's contentions, the district court was not required to treat the government's notice of non-opposition as a motion to dismiss, and neither the district court nor this court need reach Basey's claim that the property at issue was illegally seized," nor was a hearing on the motion required.  *Id*.  Basey's petition for panel rehearing and petition for rehearing en banc were denied.  [*Id*. at R. 26 (Oct 24, 2022 Order).]  Basey also filed a petition for a writ of certiorari with the United States Supreme Court, *id*. at R. 28 (Letter), which was denied.  [*Id*. at R. 29 (Letter).]

While this appeal was pending, Basey filed a petition for a Writ of Mandamus with the Ninth Circuit on June 13, 2022, regarding the Alaska District Court and Ninth Circuit Court of Appeals' respective denials of his requests for a COA related to his appeal from the dismissal of his § 2255 Motion.  *See In re: Kaleb Basey*, No. 22-70116 (9th Cir. 2022).  In his petition, Basey sought the following relief:

1.) A writ of mandamus directing the District of Alaska to consider whether 'reasonable jurists would find the district court's assessment of [Basey's] constitutional claims debatable,' in accordance with *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and either issue or deny a certificate of appealability ("COA") to Basey; 2.) a writ of mandamus directing the Clerk of the Ninth Circuit to forward

the accompanying Motion for a COA' to Judge Andrew Kleinfeld;[3] or 3.)
advisory or supervisory mandamus relief regarding 1) and 2).

[*Id*. at R. 2 (Petition) at 11.]

Basey's petition was denied on July 12, 2022.  [*Id*. at R. 3 (Order).]  Basey filed a

petition for a writ of certiorari with the United States Supreme Court, *id*. at R. 4 (Letter), which

was denied.  [*Id*. at R. 5 (Letter).]

## C

Basey now seeks to challenge the rulings made by the Alaska District Court and the

Ninth Circuit Court of Appeals via a civil complaint filed in this Court.  Basey's Amended

Complaint brings twenty-two separate Claims for Relief over the course of 142 pages with 543

numbered paragraphs and 390 footnotes.  [R. 5.][4]  However, despite the breadth of Basey's

allegations, his Amended Complaint essentially challenges the Alaska District Court's rulings

related his Second 41(g) Motion, as well as the Alaska District Court and Ninth Circuit's

respective denials of his requests for a COA related to his appeal of the denial of his § 2255

Motion, and repackages the same arguments already presented and rejected by the Alaska

District Court and the Ninth Circuit Court of Appeals under the guise of constitutional claims

brought directly against the Judges that rendered these decisions, as well as the Ninth Circuit

Clerk of Court.  Basey also continues to argue that he was subject to an illegal search and seizure

---

[3] According to Basey, his petition concerned whether "a habeas petitioner [has] the right to pick a specific circuit judge to decide his request for a COA under Federal Rule of Appellate Procedure ("FRAP") 22(b)(1)" and, if so, whether "a writ of mandamus [should] be issued to retroactively honor a COA-requester's choice of a specific judge where the choice was initially ignored by the clerk or foreclosed by local circuit rules."  *Id*. at 11-12.  This argument is also the basis of his claim against the Clerk of the Court for the Ninth Circuit in his Amended Complaint filed in this case.  [*See* R. 5 at Claim Eighteen, ¶¶421-453]

[4] As with his original Complaint, Basey's Amended Complaint was not filed on the form approved for use by this Court in violation of Local Rule 5.3.

during the course of the investigation leading to his criminal conviction and requests that this

Court declare that his constitutional rights were violated as a result.

Specifically, as alleged by Basey, his Amended Complaint brings the following claims,

which he has divided into four "Parts" as follows:

Part I – Claims Regarding Basey's Prior Rule 41(g) Proceeding in Alaska and the Illegal

Search and Seizure of His Devices and Information Therein [R. 5 at ¶¶ 183-295]:

1.  Claim One: 28 U.S.C. § 1331, U.S. Const. Amend. V, *Dugan v. Rank*. Judge
    Beistline, acting in his official capacity, denied Basey due process by forcing a
    settlement in Basey's Rule 41(g) proceeding [R. 5 at ¶¶ 183-205];

2.  Claim Two: Claim One: 28 U.S.C. § 1331, U.S. Const. Amend. V, *Dugan v.
    Rank*. Judge Beistline, acting in his official capacity, denied Basey his right to
    petition for redress of grievances by denying him access to the courts to pursue
    unlawful-seizure claims under Rule 41(g) [R. 5 at ¶¶ 206-225]

3.  Claim Three:  Fourth Amendment violation – the military search warrant used
    to seize Basey's devices lacked probable cause [R. 5 at ¶¶ 226-237]

4.  Claim Four:  Fourth Amendment violation – Fruits of the poisonous tree [R. 5 at
    ¶¶ 238-250]

5.  Claim Five:  Fourth Amendment violation – Judicial Deception [R. 5 at ¶¶ 251-
    260]

6.  Claim Six:  Fourth Amendment violation – unreasonably long seizure pending
    issuance of search warrant [R. 5 at ¶¶ 261-276]

7.  Claim Seven:  Fourth Amendment violation-lack of service of the military
    and second search warrants for Basey's devices [R. 5 at ¶¶ 277-288]

8.  Claim Eight:  Fourth Amendment violation – the multiple police illegalities taken
    in aggregate are a separate violation [R. 5 at ¶¶ 289-295]

As relief for his claims alleged in Part I, he requests that this Court hold a *de novo*

hearing on Basey's illegal search and seizure claims and issue a declaration that Judge Beistline

violated Basey's due process rights, his First Amendment rights to petition the Court, as well as a

"reasoned opinion" finding that, to the extent that Judge Beistline's relied upon on dicta in

12

*United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987), *Martinson* violates the Due Process Clause.  [R. 5 at ¶¶196-201; 218-221.]  He further requests that this Court hold a hearing and grant a return of Basey's property (less any per se contraband) by the Government, order that "all derivative information in the Government and State of Alaska's possession" be destroyed, issue a permanent injunction preventing the United States from using Basey's property or any derivative information thereof (including information in court filings) or any clue derived from these things, and declare that Basey's constitutional rights were violated.  [R. 5 at ¶¶ 236, 249, 259, 275, 287, 294.]

Part II:  Constitutional Claims Against the Government Regarding the Illegal Seizure of Basey's Yahoo Emails [R. 5 at ¶¶ 296-381]:

1. Claim Nine:  Fourth Amendment violation ("Fruits-of-the-Poisonous-tree" Theory) [R. 5 at ¶¶ 296-305]

2. Claim Ten:  Fourth Amendment Violation (Judicial Deception/*Franks v. Delaware*, Theory [R. 5 at ¶¶ 306-315]

3. Claim Eleven:  Fourth Amendment Violation (Lack of Particularity and Overbreadth Theory) [R. 5 at ¶¶ 316-324]

4. Claim Twelve:  Fourth Amendment Violation (Overbroad Execution of Warrant Theory) [R. 5 at ¶¶ 325-336]

5. Claim Thirteen:  Fourth Amendment Violation (Unreasonably-Long Seizure Theory) [R. 5 at ¶¶ 337-357]

6. Claim Fourteen:  Fourth Amendment Violation (Unreasonable Search Theory) [R. 5 at ¶¶ 358-370]

7. Claim Fifteen:  Fourth & Fifth Amendment Violation (As-Applied Fourth Amendment Challenge) [R. 5 at ¶¶ 371-381]

As relief for his claims alleged in Part II, Basey requests that this Court grant a hearing "to establish any contested factual issue including whether or not real/actual minors are depicted in any alleged contraband image(s) and whether or not any real/actual minors were actually

engaged in sexually explicit conduct to make any alleged contraband image(s);" order the destruction of Basey's emails, as well as all "derivative information" from Basey's emails; prohibit the Government from using, disclosing, or referring to any information discovered in or derived from Basey's Yahoo emails in any future proceeding; enter "judgment on every claim;" entered "declaratory judgment on every claims that reasonable jurists could debate the merits of the claim;" and declare that Basey's constitutional rights were violated.  [R. 5 at ¶¶ 304, 314, 323, 336, 356, 369, 380.]

       Part III:  Official-Capacity Constitutional Claims Regarding Prior COA Proceedings [R. 5 at ¶¶ 382-453]

    1.   Claim Sixteen:  28 U.S.C. §1331, U.S. Const. Amend. V (Due Process Cl.), *Dugan v. Rank*, Judge Beistline, acting in his official capacity, denied Basey due process by denying Basey a COA without a proper debatability determination under *Miller-El* [R. 5 at ¶¶ 382-401]

    2.   Claim Seventeen:  28 U.S.C. §1331, U.S. Const. Amend. V, *Dugan v. Rank*, Ninth Circuit Judges Paez and Hurwitz, acting in their official capacity, denied Basey due process in his COA proceeding [R. 5 at ¶¶ 402-420]

    3.   Claim Eighteen:  28 U.S.C. §1331, U.S. Const. Amend. V (Due Process Cl.) *Larson v. Domestic & Foreign Commerce Corp.*, Ninth Circuit Rule 25-2 and General Order 12.8 were unconstitutional as applied by the Ninth Circuit Clerk of Court acting in her official capacity in Basey's COA proceeding because Basey was denied his right to a decision by a judge of his choice [R. 5 at ¶¶ 421-453]

       As relief for his claims alleged in Part III, Basey requests that this Court determine *de novo* whether a COA should issue regarding the debatability of Basey's constitutional claims alleged in his § 2255 Motion and declare that Judge Beistline and the Ninth Circuit violated Basey's due process rights in their respective COA determinations.  [R. 5 at ¶ 397, 418, 450.] Basey also requests that this Court refer Claim Eighteen to the Sixth Circuit "to see whether Basey is entitled to a *de novo* COA ruling by a circuit judge of his choice," *id.* at ¶ 450, and

declare that Ninth Circuit Rule 25-2 and Ninth Circuit General Order 12.8 are unconstitutional as applied to Basey. *Id*.

Part IV:  Independent-Equitable-Action Claims Against the U.S. Brought Under Fed. R. Civ. P. Rule 60(d)(1).  [R. 5 at ¶¶ 454-542.]

1.  Claim Nineteen:  Fed. R. Civ. P. Rules 60(d)(l) & (b)(4), U.S. Const. Amend V (Due Process Clause), 28 U.S.C. §1331, Basey should be relieved from the District of Alaska's orders forcing him to settle his Rule 41(g) unlawful-seizure causes of action as the orders violate due process rights [R. 5 at ¶¶ 454-472]

2.  Claim Twenty:  Fed. R. Civ. P. Rules 60(d)(l) & (b)(4), U.S. Const. Amend V (Due Process Clause) and 28 U.S.C. §1331, Basey should be relieved of the Ninth Circuit order denying his application for a certificate of appealability because it violated his right to a full and fair opportunity to be heard under the Due Process Clause [R. 5 at ¶¶ 473-495]

3.  Claim Twenty-One:  Fed. R. Civ. P. Rules 60(d)(l) & (b)(4), U.S. Const. Amend V (Due Process Clause), and 28 U.S.C. §1331, Basey should be relieved of the Ninth Circuit's order denying him a COA as Ninth Circuit Rule 25-2 and General Order 12.8 were unconstitutional as applied to Basey [R. 5 at ¶¶ 496-522]

4.  Claim Twenty-Two:  Fed. R. Civ. P. Rules 60(d)(l) & (b)(4), U.S. Const. Amend V (Due Process Clause), 28 U.S.C. §1331, Basey should be relieved of the District of Alaska's COA order or proceeding as it was premised on a mistake of law and a violation of due process [R. 5 at ¶¶ 523-542]

As relief for his claims alleged in Part IV, Basey requests that this Court enter an equitable decree relieving him from the obligation to comply with the District of Alaska's Orders, granting him a "full and fair opportunity to litigate his unlawful-seizure causes of action (alleged in Claims 3-8), and declare that the District of Alaska violated Basey's due process rights. *Id.* at ¶ 472.  Basey also seeks a decree relieving him from both the District of Alaska's and the Ninth Circuit's orders declining to issue a COA, a *de novo* COA determination by this Court with opportunity for appellate review, and a declaration that the District of Alaska and the Ninth Circuit denied Basey due process.  *Id.* at ¶¶ 495, 522, 542.

15

## II

Simply put, this Court is without authority to grant the extraordinary relief sought by Basey, thus his Amended Complaint must be dismissed.  In his Amended Complaint, Basey claims that this Court has subject-matter jurisdiction over his claims "under 28 U.S.C. § 1331, the U.S. Constitution, and Fed. R. Civ. P. 60(d)(1)."  *Id.* at ¶ 2.[5]  Basey further claims that this Court "has the authority to grant the requested declaratory and equitable relief under 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 65."  *Id*. at ¶ 3.  Finally, Basey states that he "does *not* invoke Fed. R. Crim. P. Rule 41(g) in this action, but instead invokes 28 U.S.C. § 1331 and the Constitution for claims requesting return and/or destruction of his seized property."  *Id*. at ¶ 4

However, despite Basey's attempt to style his Amended Complaint as an "independent" action to vindicate his constitutional rights, his purported claims are an attempt to relitigate prior decisions of the Alaska District Court and the Ninth Circuit Court of Appeals on the grounds that these decisions were incorrect.  Indeed, as relief, Basey requests that this Court hold its own hearing on Basey's illegal search and seizure claims; find that the Alaska District Court's Orders were erroneous and essentially set them aside and issue its own Order on the merits of Basey's claims; hold a hearing on the legality of the seizure of Basey's Yahoo emails; makes its own determination regarding whether a COA should issue with respect to the Alaska District Court's denial of his § 2255 Motion, and relieve Basey of the obligations to comply with various Orders issued by the Alaska District Court and/or the Ninth Circuit Court of Appeals.

However, Basey may not collaterally attack the decisions of the Alaska District Court and/or the Ninth Circuit Court of Appeals in an "independent" action filed in this Court.  As a threshold matter, Basey generally may not pursue claims against the United States and/or the

---

[5] Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

16

federal judges who presided over his prior criminal and habeas cases (and related appeals) simply because he believes that his claims were decided incorrectly, as judges are entitled to absolute judicial immunity against claims arising from their acts as judicial officers. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White* 484 U.S. 219, 225 (1988) (judicial immunity "insulate[es] judges from vexatious actions prosecuted by disgruntled litigants."). It is well established that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 350 (1872)). Principles of judicial immunity are so strong that judges are protected from suit "even when they perform judicial acts in excess of their authority, even when such acts are allegedly done maliciously or corruptly." *Id*. at 355-56 (citation omitted). In accordance with these principles, federal courts will permit suit against judges only when they act "in the clear absence of jurisdiction." *Id*. at 351-52; *see also Mireles*, 502 U.S. at 11-12.

Here, Judge Beistline, Judge Paez, and Judge Hurwitz's alleged conduct—presiding over Basey's criminal trial, post-conviction proceedings, and appeals—fall squarely within their respective roles as a trial and appellate judges. *See Huffer v. Bogen*, 503 Fed. App'x 455, 459 (6th Cir. 2012) ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.") (quoting *Stump*, 435 U.S. at 362). Without question, in issuing the Orders now challenged by Basey in this Court, the Alaska District Court and the Ninth Circuit Court of Appeals were acting well within the scope of their own respective jurisdictions. Basey does not contend otherwise, nor could he credibly do so.

Nor may Basey avoid the application of judicial immunity by bringing claims for injunctive or equitable relief against Defendants in their respective official capacities.  True, "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."  *Pulliam v. Allen,* 466 U.S. 522, 541-42 (1984).  However, Basey's Amended Complaint does not seek prospective relief, but instead seeks to undo past conduct. Thus, his claims do not fall within this exception and Judge Beistline, Judge Paez, and Judge Hurwitz are entitled to absolute immunity from Basey's claims.  *See Martinez v. United States*, 838 Fed. App'x 662, 664 (3d Cir. 2020) ("We have suggested that federal judges may be immune to claims for injunctive relief, *see Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)), and, in any event, the prior judicial decisions that [the plaintiff] complains about either were or could have been the subject of appellate review.").

Similarly, the United States, as a sovereign, is immune from suit unless it explicitly waives its immunity.  *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").  "Sovereign immunity 'extends to agencies of the United States' or 'federal officers [acting] in their official capacities.'"  *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (quoting *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir.1993) and *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994)).  Thus, this immunity extends to each of the federal judicial officers sued in their official capacities, including the Clerk of Court for the Ninth Circuit.

Moreover, "[a] waiver of sovereign immunity may not be implied and exists only when Congress has expressly waived immunity by statute." *Muniz-Muniz*, 741 F.3d at 671 (citing *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–34 (1992)). Thus, a waiver of the United States' sovereign immunity is to be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see also Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014); *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir. 2013) ("Under well-established and familiar principles of sovereign immunity, the United States may not be sued without its consent, and the terms of this consent define the jurisdiction of the courts to entertain a suit against the Government.") (citation omitted).

Basey's reliance on 5 U.S.C. § 702 as a source of a "waiver" of the United States' sovereign immunity with respect to his claims is misplaced.  [*See* R. 5 at ¶ 7(b) ("Claims 3-15 involve 5 U.S.C. § 702's explicit waiver of sovereign immunity for acts committed or omitted by agencies of the United States and officers or employers thereof.")]  True, 5 U.S.C. § 702 entitles "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to judicial review, even against an employee or officer of the United States.  5 U.S.C.A. § 702.  However, the courts of the United States are specifically excluded from the definition of an "agency" for purposes of § 702.  *See* 5 U.S.C. § 701(b)(1)(B).

Moreover, that Basey seeks equitable relief in the form of *sua sponte* determinations regarding the propriety of the judicial decisions related to Basey's Second Rule 41(g) Motion and his requests for a COA is irrelevant, as this Court has no authority to review the judicial decisions issued by the Alaska District Court and/or the Ninth Circuit Court of Appeals.  The United States Supreme Court has long "made clear that '[i]t is for the court of first instance to

determine the question of the validity of the law, and until its decision is reversed for error by

orderly review, either by itself or by a higher court, its orders based on its decision are to be

respected.'" *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (quoting *Walker v.

Birmingham,* 388 U.S. 307, 314 (1967) (quoting *Howat v. Kansas,* 258 U.S. 181, 189-190

(1922)).  Thus, "[a] federal district court lacks jurisdiction to review decisions of other federal

courts." *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (quoting *Smalls v. United States*,

471 F.3d 186, 192 (D.C. Cir. 2006)).  *See also Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D.

Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to

rule directly on the legality of another district judge's judicial acts or to deny another district

judge his or her lawful jurisdiction."); *Kersh v. Cook*, 951 F. Supp. 264, 266 (D.D.C.), *aff'd,* 124

F.3d 1309 (D.C. Cir. 1997) ("This court has no jurisdiction to hear appeals from judgments

issued by other state or federal courts.").

> As explained by former Chief Judge for the Eastern District of Kentucky Mac Swinford:
>
> The case was thoroughly and carefully tried and the issues determined by Judge
> Ford and so far as I am concerned that concludes the matter. For a judge of
> coordinate jurisdiction to reverse a judgment of a fellow judge who tried the case,
> saw and heard the witnesses testify and recorded his findings and conclusions,
> both of law and fact, in a lucid opinion, is to do disservice to the law and create
> disrespect for it. There must be an end to litigation and I can well understand why
> lay people would be thoroughly confused if a question of law at nine o'clock was
> decided by one judge and at ten o'clock the same question in the same case was
> decided to the contrary by another judge from the same bench. While there may
> be instances in which such a reversal would be justified, this is not one of them.
> Such a legal prerogative is questionable under any circumstance and I personally
> hold to the view that the law would be best served if reviews of decisions of trial
> judges were limited to appellate tribunals.

*United States v. First Nat. Bank & Tr. Co. of Lexington*, 263 F. Supp. 268, 269-70 (E.D. Ky.

1967).  Similarly, Basey's arguments in his Second Rule 41(g) Motion and his requests for a

COA in his § 2255 proceedings have been carefully reviewed and decided by the Alaska District

20

Court and the Ninth Circuit Court of Appeals.  For this Court to take it upon itself to review these decisions at all, much less hold its own hearings and make its own determination on issues already decided, would "do disservice to the law" and would be disrespectful to the entire structure of the federal judiciary.

To the extent that Basey seeks relief from this Court based upon his disagreement with the decisions of Judge Beistline, Judge Paez, and Judge Hurwitz, his remedy is to file an appeal to the Ninth Circuit (which he did) and/or the United States Supreme Court (which he has also done, multiple times).  *See Carter v. All Dist. Fed. Judges*, 415 Fed. App'x 363, 365 (3d Cir. 2011) ("To the extent [the plaintiff's] allegations reflect her disagreement with the resolution of her previous cases, the proper vehicle for raising such a challenge is to file an appeal in those cases, not bring a new action.")  That Basey was unsuccessful in his appeals and/or was otherwise dissatisfied with the proceedings does not render his remedies at law "unavailable," nor does it give this Court jurisdiction to conduct its own independent review of the orders issued by a sister District Court, much less a federal Circuit Court of Appeals.

Nor may Basey bring an "independent" action under Fed. R. Civ. P. 60(d)(1) in this Court to challenge these decisions.  As an initial matter, Rule 60(d)(1) states only that the provisions of Rule 60 authorizing a court to relieve a party from a final judgment, order, or proceeding do "not limit a court's power to…entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1).  However, it does not provide grounds for this Court to entertain such an "independent action" to set aside a Judgment or Order issued by another federal District Court (particularly one in an entirely different judicial district) or a federal Circuit Court of Appeals.  Moreover, even assuming Basey could permissibly bring such an action in a judicial district so far removed from the district in which the challenged order

was issued, "[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata. *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)). Thus, "under the Rule, an independent action should be available only to prevent a grave miscarriage of justice." *Id*. at 47.

Here, there has been no grave miscarriage of justice, nor has Basey been deprived of an opportunity to pursue his claims. Rather, Basey has been permitted to litigate his claims multiple times in the Alaska District Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court. While Basey may be dissatisfied with the rulings by those courts, nothing in his factual allegations suggest that he has been deprived of a "full and fair opportunity" to litigate his claims. *United States v. Gordon*, 563 F. Supp. 3d 660, 669 (W.D. Ky. 2021), *aff'd*, No. 21-6121, 2022 WL 3536271 (6th Cir. Aug. 18, 2022) ("A party has a full and fair opportunity to litigate when: (i) there are no procedural limitations impacting the party's ability to raise a claim; (ii) the party has an 'incentive to fully litigate the claim'; and (iii) the party's ability to assert the claim is not limited 'by the nature or relationship of the parties.'") (quoting *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020)).

While Basey clearly feels differently, his claim that he was denied a "full and fair opportunity" to litigate his claims is entirely conclusory, thus it is insufficient to state grounds for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare

assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."). Moreover, Basey's claims that he did not have a fair opportunity to litigate his Rule 41(g) Motion and/or his § 2255 Motion is completely undermined by the extensive history of litigation (including multiple appeals) of both of these Motions as set forth in the record in Basey's criminal case.

For these same reasons, Basey cannot establish that he did not have an adequate remedy at law, thus he is not entitled to equitable injunctive or declaratory relief. *See Klayman*, 49 F.4th at 553-54 (unsuccessful litigant's right to appeal in his prior cases, as well as his right to petition for review in the Supreme Court, "provided a remedy at law adequate to address any errors in the district courts' judgments."). That he was dissatisfied with the rulings made by the Alaska District Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court does not mean that his remedies were unavailable.

Finally, it is plainly apparent that the real issue that Basey seeks to litigate via his Second Rule 41(g) motion, as well as in this Court, relates to the validity of the search and seizure of his property, presumably in an attempt to seek relief from his criminal conviction. Of his twenty-two "claims," at least thirteen are specifically based upon allegations of Fourth Amendment violations related to the search and seizure of the property during the course of the investigation in his underlying criminal case. [R. 5 at Claims Three through Fifteen.] Moreover, to the extent that he challenges the orders declining to issue a COA with respect to the denial of his § 2255 Motion, this is, in essence, a challenge to his conviction itself. In fact, Basey admits as much in his Petition for a Writ of Mandamus filed with the United States Court of Appeals for the Sixth Circuit with regard to this case and *Basey v. U.S. DOJ*, No. 5:23-cv-0091-CHB (2023). *See In re: Kaleb Basey*, No. 23-5722 (6th Cir. 2023) at R. 1 (Writ of Mandamus) at 9. In his Petition,

he states that, "[i]n *Basey v. Beistline*, Basey seeks a de novo COA ruling that could ultimately

end his wrongful incarceration.  Until his claims for that relief are resolved, Basey will continue

suffering 'the injury of prolonged wrongful incarceration as a result of the delay.'"  *Id.*

However, to the extent that Basey's Amended Complaint seeks to challenge the legality of his

conviction, he may not do so in a civil complaint filed in a far-removed District Court.  Rather,

such relief may only be sought in a petition for a writ of habeas corpus.  *See Terrell v. United*

*States*, 564 F.3d 442, 446 (6th Cir. 2009) (recognizing a long line of Supreme Court precedent

holding that "a challenge…of a prisoner's underlying conviction or sentence, that necessarily

demonstrated the invalidity of the confinement's legality…can only be brought under habeas.")

(citing *Preiser v. Rodriguez,* 411 U.S. 475 (1973), *Heck v. Humphrey,* 512 U.S. 477

(1994), *Edwards v. Balisok,* 520 U.S. 641, (1997), and *Wilkinson v. Dotson,* 544 U.S. 74

(2005)); *see also Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of

any confinement or to particulars affecting its duration are the province of habeas corpus…").

### III

For these reasons, Basey's Amended Complaint seeks relief that this Court has no

authority to grant, thus it will be dismissed for lack of jurisdiction.  Accordingly, it is hereby

**ORDERED** as follows:

1. Basey's submission of a "First Amended Complaint for Equitable and Declaratory
   Relief (28 U.S.C. § 1331)," construed as a Motion for Leave to File an Amended
   Complaint [R. 5], is **GRANTED**;

2. Basey's tendered "First Amended Complaint for Equitable and Declaratory Relief
   (28 U.S.C. § 1331)" [R. 5] is now the operative pleading in this action;

3. Basey's "Motion to Compel Issued Summonses" [R. 4] is **DENIED**;

4.  Basey's "First Amended Complaint for Equitable and Declaratory Relief (28 U.S.C. § 1331)" [R. 5] is **DISMISSED**, without prejudice for lack of jurisdiction;

5.  This matter is **DISMISSED** and **STRICKEN** from the Court's docket; and

6.  Judgment shall be entered contemporaneously herewith.


This the 15th day of September, 2023.


Gregory F. Van Tatenhove
United States District Judge